Dear Mr. Bailey:
On behalf of the Florida Department of Law Enforcement and the Criminal Justice Standards and Training Commission, you have asked for my opinion on substantially the following question:
Must local criminal justice agencies comply with section 943.13, Florida Statutes, requiring the certification of officers variously described as "public service aides" and "community service officers" if those individuals perform the duties of a law enforcement officer?
In sum:
The duties of law enforcement personnel, rather than their designated job title, will determine whether public service aides and community service officers are subject to certification by the Criminal Justice Standards and Training Commission as law enforcement officers or auxiliary law enforcement officers as defined in section 943.10(1) and (8), Florida Statutes.
According to your letter, criminal justice agencies are advertising employment for positions described variously by titles such as "community service officers" or "public service aides." One jurisdiction describes the duties for these positions include such activities as "answering calls for service for crimes not in progress, patrolling assigned areas looking for traffic accidents, parking violations, and abandoned/disabled vehicles that are blocking traffic." Another jurisdiction describes the duties of these employees as "respond[ing] to emergency and non-emergency police calls such as criminal incidents not in progress, fires (including vehicle, residential, commercial), arsons, gas leaks, hazardous material spills or explosions, burglaries (including residential, commercial and vehicle), stolen/recovered vehicles, traffic crashes (minor crashes to traffic homicides), missing juveniles/adults, emergency road closures, traffic positions, animal complaints, abandoned/disabled vehicles, theft, criminal mischief (vandalism), forgeries, frauds, embezzlements, counterfeit, currency/checks, and other economic crime related calls." Your correspondence indicates that both the Criminal Justice Standards and Training Commission and the Florida Department of Law Enforcement are concerned that local jurisdictions may be employing non-sworn personnel to accomplish the duties and responsibilities of sworn law enforcement officers.
Section 943.10(1), Florida Statutes, defines a "[l]aw enforcement officer" as
"any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state." (e.s.)
Section 943.10, Florida Statutes, also provides definitions for "[p]art-time law enforcement officer" (a law enforcement officer who is employed or appointed less than full time) and "[a]uxiliary law enforcement officer."[1] An "[a]uxiliary law enforcement officer" is "any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions."[2]
Section 943.13, Florida Statutes, requires that any person employed or appointed as a law enforcement officer possess minimum qualifications for employment. These statutory qualifications include a training component and the requirement of an acceptable score on the officer certification examination for the applicable criminal justice discipline. An "employing agency"[3] including local governmental agencies, is responsible for ensuring that those officers hired by the agency meet the requirements established by the Criminal Justice Standards and Training Commission.[4]
The terminology used to characterize a position is not dispositive of whether certification is required for employment as a law enforcement officer; it is the nature and duties of the position that require application of the Criminal Justice Standards and Training Commission statutes.
The legislative intent behind the creation of the Criminal Justice Standards and Training Commission is to strengthen and upgrade law enforcement protection in Florida by attracting competent, highly qualified people for professional careers in these fields for the purpose of providing maximum protection and safety to the citizens of Florida and visitors to our state.[5] This office has taken numerous occasions to suggest that while the statutes recognize a number of non-sworn public safety-type positions, [6]
personnel acting within the scope of these provisions are only subject to the requirements imposed by the Legislature in those statutes. However, to the extent that a local law enforcement agency creates positions requiring the performance of duties and responsibilities designated by statute to law enforcement officers, the persons filling those positions must meet the minimum requirements of the Criminal Justice Standards and Training Commission. As this office noted in Attorney General Opinion 72-281:
"The factual determination of an employee's primary responsibility and the council under whose jurisdiction this responsibility lies must be made by the employing agency which, of course, will take into consideration the lives and property of citizens of, and visitors to, this state who are dependent upon competent qualified personnel to provide protection and safety. . . ."
Again, it is the duties of the personnel under consideration in this situation that may place them within the definition of "law enforcement officer" or "auxiliary law enforcement officer" in section 943.10(1) or (8), Florida Statutes, thus, subjecting these personnel and the municipality employing them to the terms and provisions of the Criminal Justice Standards and Training Commission's laws.[7]
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 943.10(6), Fla. Stat., for the definition of a part-time law enforcement officer.
[2] See s. 943.10(8), Fla. Stat.
[3] Section 943.10(4), Fla. Stat.
[4] Section 943.133, Fla. Stat.
[5] See s. 943.085, Fla. Stat.; see also Op. Att'y Gen. Fla. 72-281 (1972).
[6] See, e.g., s. 570.151, Fla. Stat., repealed by s. 8, Ch. 92-290, Laws of Fla. (agriculture road guard inspectors), s. 316.640(1)(a)(I) and (II), Fla. Stat., providing for the employment of parking enforcement specialists, and s. 30.09, Fla. Stat., providing for special deputies; and see Ops. Att'y Gen. Fla. 89-14 (1989), 81-05 (1981), 73-399 (1973), 73-14 (1973), 72-281 (1972), and 70-102 (1970).
[7] Sections 943.085 — 943.255, Fla. Stat.